## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF INDIANA
## HAMMOND DIVISION AT LAFAYETTE

| | |
|---|---|
| JUSTIN HEDDEN, )<br>　　　　Plaintiff, )<br>　　　　　　　　　　　　)<br>　v. 　　　　　　　　　　)<br>　　　　　　　　　　　　)<br>TOLEDO, PEORIA & WESTERN )<br>RAILWAY CORP. and GENESSEE )<br>& WYOMING RAILROAD 　　　)<br>SERVICES, INC., 　　　　　　)<br>　　　　Defendants. ) | Case No. 4:22-cv-24-JTM-AZ |

**OPINION AND ORDER**

This matter is before the Court on Defendant Toledo Peoria & Western Railway Corporation's ("TP&W") Motion For Order Finding That Plaintiff Deleted Text Messages Responsive to TP&W's Third RFP and Directing Plaintiff Not to Further Delete Text Messages or Other ESI Responsive to TP&W's Third RFP [DE 30] and Defendant TP&W's Motion to Compel Compliance with Non-Party Subpoena to Produce Documents [DE 32], both filed on February 29, 2024. These motions both relate generally to text message conversations between Plaintiff Justin Hedden and non-party Lorenzo Cardine, a friend and coworker of Hedden's at TP&W. Hedden testified at his deposition to calling and texting with Cardine and that he routinely deleted text messages from his phone (with Cardine and others). TP&W sought certain copies of these text messages and cell phone call logs from Hedden and Cardine, eventually resulting in these two motions.

Importantly, neither of TP&W's motions are seeking to compel the production of anything from Hedden; it is instead asking for "an order finding that Plaintiff has

deleted text messages responsive to TP&W's Third [Request for Production] and admonishing Plaintiff from further such deletions." DE 31 at 2. In its second motion, TP&W is seeking, via enforcement of a subpoena against a non-party, "copies of phone records and text messages reflecting communications between Cardine and Plaintiff," presumably hoping to obtain from Cardine what it has not obtained from Hedden. DE 32 at 1. Neither Hedden nor non-party Cardine have responded to the motions, and the deadlines to respond have long passed.

## Background

Plaintiff Justin Hedden was employed by Defendant TP&W as a train conductor and worked switching railcars at the CSX rail yard in Lafayette, Indiana. In September 2021, Hedden injured himself on the job after losing his balance and striking a railcar located on an adjacent track. He says his injuries were caused by a deficient hand brake and that TP&W is to blame.

Hedden was first deposed in January 2023. His co-worker who was present at the time of the accident, Lorenzo Cardine, was deposed in March 2023. During his deposition, Cardine testified to having minimal contact with Hedden in the months leading up to the deposition. In April 2023, after the depositions, TP&W apparently had doubts about Cardine's testimony and served a discovery request on Hedden, seeking all call logs and text messages between Hedden and any current or former TP&W employee (including Cardine) since the date of Hedden's accident.

Hedden did not respond to the discovery request in a timely manner and then produced responsive documents (in the form of call logs) in August 2023, prior to his

2

supplemental deposition. Hedden's call logs reflected "45 phone calls of ten minutes or more between February 2022 and July 2023" with Cardine, including multiple phone calls in the days leading up to and on the day of Cardine's deposition. Hedden did not produce any text messages, and he testified at his supplemental deposition that he routinely deleted all text messages from his cell phone, including those with Cardine, and that he had texted with Cardine as recently as the week before his supplemental deposition. While Hedden denied that he and Cardine discussed the substance of the case, TP&W seems to have wanted to put that notion to the test, presumably given the timing and frequency of the calls between Hedden and Cardine.

After the deposition, TP&W did not seek additional text messages or phone logs from Hedden, but instead served a subpoena on Cardine seeking records of his communications with Hedden from the date of the accident. Despite being served personally with the subpoena, Cardine never responded. But nor did TP&W follow up with him between November 2023 when the subpoena was served and February 2024 when it filed its motion seeking compliance with the subpoena. *See* DE 32.

Judge Martin, the Magistrate Judge previously assigned to this case, conducted two settlement conferences with the parties in May 2024, *see* DE 35, 36, but the parties were unable to reach a settlement. On June 12, 2024, this matter was reassigned pursuant to General Order 2024-11, and the pending motions are ripe for disposition.

3

**Discussion**

**I.   TP&W's Discovery Motion Against Plaintiff Hedden.**

In its first motion, TP&W seeks "an order finding that Plaintiff has deleted text messages responsive to TP&W's Third [Request for Production] and admonishing Plaintiff from further such deletions." DE 31 at 2. Notably, the motion does not seek any sanctions or a formal finding of spoliation in connection with Hedden's deletion of text messages with Cardine. Nor is TP&W asking the Court to order Hedden to produce any text messages or additional call logs. Indeed, TP&W's motion notes that Hedden testified at his deposition that "I can produce [the text messages]," and complains that "Plaintiff has not made good on that promise" and that this failure "is not an encouraging sign." DE 31 at 5-6. But it does not indicate that Hedden refuses to produce any text messages that remains in his possession. A Court order simply finding that Hedden deleted text messages responsive to discovery requests—a fact that TP&W can establish through deposition testimony—would not serve any functional purpose.

Even if TP&W were asking this Court to compel discovery or impose sanctions, it would need to do more to establish the relevance of the deleted text messages. TP&W worded its request for production broadly to encompass every cell phone call and text message between Hedden and anyone who worked or had worked for TP&W over a roughly two-year period. Hedden failed to timely object to the scope of this request; but Hedden's failure to object does not automatically deem the full scope of TP&W's request relevant, reasonable, or proportional to the needs of the case. *See*

4

Fed R. Civ. Pro. 26(b)(1) (limiting the scope of discovery to "any nonprivileged matter that is relevant to a party's claim or defense and proportional to the needs of the case…"). Communications relating to Hedden's injuries or the case itself would presumably fall within the ambit of relevancy, but there is no indication that any of the deleted text messages did in fact relate to the substance of the claims alleged in the lawsuit. TP&W only speculates that the content of the deleted text messages might undermine the credibility of Hedden and/or Cardine on a tangential issue, such as whether or not they spoke about the case before their depositions. That is not enough.

Furthermore, admonishing Hedden to not delete relevant text messages going forward would be superfluous. The parties are already bound by this Court's orders, including the Court's ESI Order that "[e]ach party and each attorney in this case shall take reasonable steps to preserve electronically stored information (ESI) that is relevant to any claim or defense in this case," entered in May 2022. DE 9. Without anything more than TP&W's suppositions about the content of text messages between Hedden and Cardine, there is nothing in the record to suggest that relevant discovery material was deleted in violation of the ESI Order. If TP&W believes this Court's orders have been violated and it has been prejudiced, it should file a motion seeking sanctions. But it has decidedly not done that.

Of course, TP&W may use Hedden's testimony regarding his text message practices and the information contained in his call logs at summary judgment or trial

5

as it sees fit. But absent a request for sanctions, the utility or purpose of the order TP&W seeks is unclear and not appropriate at this time.

## II. TP&W's Motion to Compel Compliance with the Subpoena Issued to Non-Party Lorenzo Cardine.

As discussed above, instead of further pursuing available records of communications between Hedden and Cardine from Plaintiff Hedden, TP&W tried to obtain then from a different source: Cardine, a non-party to this lawsuit. Federal Rule of Civil Procedure 45 permits a party to issue a subpoena directing a non-party to "produce designated documents, electronically stored information, or tangible things in that person's possession." Fed. R. Civ. Pro. 45(a)(1)(A)(iii). "The ability to use subpoenas to obtain information from non-parties is not unlimited, however; Rule 45 provides that the issuer of 'a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena.'" *Little v. JB Pritzker for Governor*, No. 18 C 6954, 2020 WL 1939358, at *1 (N.D. Ill. Apr. 22, 2020) (quoting Fed. R. Civ. Pro. 45(d)(1)). "Non-parties are afforded this consideration because they have a different set of expectations than parties." *Id.* at *2. "While parties to a lawsuit must accept the invasive nature of discovery," non-parties are just that, not parties to the lawsuit, and they generally do not have anywhere near the same skin in the game. *HTG Capital Partners, LLC v. Doe(s),* No. 15-C-2129, 2015 WL 5611333, at *3 (N.D. Ill. Sept. 22, 2015).

Likewise, "[t]he legitimacy of the subpoena to a non-party is determined by far more than an examination of the relevancy of the materials sought or the fact that it may be simpler for the subpoenaing party to insist on production from a non-party

6

rather than taking reasonable steps to require the non-cooperative party to comply with its basic discovery obligations." *Rossman v. EN Eng'g, LLC*, 467 F. Supp. 3d 586, 591–92 (N.D. Ill. 2020). "A [party] does not demonstrate a compelling need to seek duplicative third-party requests simply because a party in the underlying action fails to comply with document requests for the same information." *Tresona Multimedia, LLC v. Legg*, No. 15 C 4834, 2015 WL 4911093, at *3 (N.D. Ill. Aug. 17, 2015). In any event, the Court need not wade into the reasonableness of the substance of the subpoena or whether TP&W has demonstrated a compelling need for documents from Cardine because TP&W's motion is procedurally flawed for two key reasons.

First, TP&W's motion fails to comply with the requirements of the Federal Rules of Civil Procedure and the Local Rules of this Court. Rule 37 provides that a motion "for an order compelling disclosure or discovery . . . must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make a disclosure or discovery in an effort to obtain it without court action." Fed. R. Civ. P. 37(a)(1). Northern District of Indiana Local Rule 37-1 likewise states that any "party filing any discovery motion must file a separate certification that the party has conferred in good faith or attempted to confer with other affected parties in an effort to resolve the matter raised in the motion without court action." N.D. Ind. L.R. 37-1. Compliance with the Local Rules is mandatory and the Court may deny a motion to compel if it is not accompanied by a proper certification. *Id.*

TP&W's motion does not contain any separate certification documenting its informal efforts to resolve these discovery disputes without Court intervention, as

7

required by L.R. 37-1. Nor does the motion contain any discussion of efforts to reach out to Cardine between service of the subpoena in November 2023 and the filing of this motion at the end of February 2024. This lack of meaningful effort prior to seeking Court intervention, as required, is reason enough to deny its motion.

Second, and in addition, TP&W's apparent failure to attempt to resolve this issue prior to seeking Court intervention is all the more troubling because this motion and dispute involves a non-party and it is not clear that Cardine is even aware TP&W is seeking a Court order against him. TP&W attached to its motion an affidavit of service and proof of service of the subpoena, but there was no certificate of service attached the motion or anything else to indicate that the motion was served on Cardine or that he is aware of the motion. While the Court's electronic system alerts parties who have entered an appearance of filings and constitutes sufficient service of process, Cardine is not a party to this lawsuit and as far as the Court can tell, has had no notice that TP&W is seeking a court order against him.

Federal Rule of Civil Procedure 37(a) states that "[o]n notice to other parties *and all affected persons*, a party may move for an order compelling disclosure or discovery." Fed. R. Civ. Pro. 37(a) (emphasis added). There is nothing to indicate from TP&W's filings that Cardine, who most certainly would be affected by any order compelling compliance, has been put on notice of TP&W's motion. The record reflects that Cardine sat for a deposition in this case, so TP&W has the means to communicate with him. "Procedural due process generally requires fair notice and an opportunity to be heard." *Heselton v. Espinoza*, No. 21-CV-1592-DWD, 2023 WL 4132999, at \*2

(S.D. Ill. June 22, 2023) (denying motion to compel compliance with subpoena where it was "unclear … whether Defendants' served Dr. Clark, who is a non-party to this action, with a copy of their Motion"); *see also Little*, 2020 WL 1939358, at *5 ("Proper service of process is not some mindless technicality.") (citations omitted).

Without any assurance that the motion has been served on Cardine or that he has notice of the motion (on top of the fact that TP&W did not attempt to obtain the documents prior to filing its motion beyond issuing a subpoena), the Court is not going to order compliance with the subpoena to produce additional call logs or text messages from a non-party.

## Conclusion

For the foregoing reasons, Defendant TP&W's Motion For Order Finding That Plaintiff Deleted Text Messages Responsive to TP&W's Third RFP and Directing Plaintiff Not to Further Delete Text Messages or Other ESI Responsive to TP&W's Third RFP [DE 30] is **DENIED**; and

Defendant TP&W's Motion to Compel Compliance with Non-Party Subpoena to Produce Documents [DE 32] is likewise **DENIED without prejudice**.

SO ORDERED this 9th day of July 2024.

/s/ *Abizer Zanzi*
MAGISTRATE JUDGE ABIZER ZANZI
UNITED STATES DISTRICT COURT